UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICIA BLOISE,<br><br>      Plaintiff<br><br>  -against-<br><br>Q4 GENERATIONAL WEALTH, INC. et al.,<br><br>      Defendants. | 22 Cv. 10488 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

  The Court is in receipt of Defendant Melanie Burgos' letter dated January 17, 2023 seeking leave to represent herself and corporate defendant Q4 Generational Wealth, Inc. ("Q4") pro se and requesting permission to file a motion to dismiss Plaintiff Alicia Bloise's complaint.  (Dkt. no. 13.)

  Ms. Burgos is permitted to represent herself pro se.  28 U.S.C. § 1654.  However, the Court denies Ms. Burgos' request to represent corporate defendant Q4 pro se because a corporate entity may not proceed pro se.  See Jones v. Niagara Frontier Transp. Auth., 722 F.2d 20, 22 (2d Cir. 1983) ("[I]t is established that a corporation, which is an artificial entity that can only act through agents cannot proceed pro se.").  Q4 must retain counsel and may only appear in this Court through its counsel.

  Ms. Burgos also requests leave to file a motion to dismiss.  Because Ms. Burgos is proceeding pro se, the Court advises her

1

to familiarize herself with Federal Rule of Civil Procedure 12(b) and the case law interpreting it to identify the proper bases for and the procedures governing a motion to dismiss.  In determining whether to file a motion to dismiss and the appropriate content of such a motion, Ms. Burgos should be aware that, although it "may become clear, at . . . some later stage in the litigation, that [a plaintiff's] claims are not adequately supported," Jones v. Westchester Cty. Dep't of Corr. Med. Dep't, 557 F. Supp. 2d 408, 416 (S.D.N.Y. 2008) (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)), at the motion to dismiss stage the Court is usually required to accept the factual allegations in a complaint as true and draw all reasonable inferences in the plaintiff's favor.  DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 110-11 (2d Cir. 2010). Ms. Burgos should also be aware that the Court usually cannot consider documents or evidence from outside the four corners of the complaint when ruling on a motion to dismiss.  United States ex rel. Foreman v. AECOM, 19 F.4th 85, 106-07 (2d Cir. 2021). Thus, the Court likely would not be able to consider the images Ms. Burgos attached to her letter (dkt. no. 13) in ruling on a motion to dismiss.

    If Ms. Burgos believes that she can file a meritorious motion to dismiss after reviewing the relevant Federal Rules of Civil Procedure and case law, she may do so consistent with the

Case 1:22-cv-10488-LAP   Document 15   Filed 01/31/23   Page 3 of 3

Federal Rules of Civil Procedure and the Southern District of New York's local rules, which are available at https://www.nysd.uscourts.gov/rules.  Alternatively, Ms. Burgos may answer the complaint.[1]  Once it retains counsel, Q4 is also permitted to file a motion to dismiss through said counsel.  The Court extends Ms. Burgos' and Q4's time to respond to the complaint through and including February 25, 2023.  Failure by Ms. Burgos or Q4 to respond to the complaint or request a further extension of time to respond may result in default judgment being entered against them.

**SO ORDERED.**

Dated:    New York, New York
          January 31, 2023

_Loretta A. Preska_
LORETTA A. PRESKA
Senior United States District Judge

---

[1] The Court also informs Ms. Burgos that there are resources for pro se litigants available on the Southern District of New York's website: https://www.nysd.uscourts.gov/prose/defendant.

3