UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALICIA BLOISE,

                Plaintiff,

-v.-

Q4 GENERATIONAL WEALTH, INC. d/b/a
CALIENTES RESTAURANT & BAR;
MELANIE BURGOS; and JAHEE
BRIDGEWATER,

                Defendants.

22 Civ. 10488 (JHR) (SDA)

ORDER

---

JENNIFER H. REARDEN, United States District Judge:

    This action was filed on December 12, 2022.  ECF No. 1.  On June 13, 2023, *pro se* Defendants Melanie Burgos and Jahee Bridgewater (collectively the "Individual Defendants") filed a motion to dismiss the Complaint for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).[1]  ECF No. 25.  The corporate defendant, Q4 Generational Wealth, Inc. ("Q4"), failed to timely respond to the Complaint or otherwise appear in this action.

    On June 28, 2023, Plaintiff Alicia Bloise requested a certificate of default as to Q4.  ECF Nos. 28, 30.  On June 29, 2023, the Clerk of Court entered a certificate of default as to Q4.  ECF No. 31.

    On July 31, 2023, Plaintiff filed an Amended Complaint.  ECF No. 38.  On August 31, 2023, Plaintiff filed an affidavit of service, indicating that the Amended Complaint was served upon Q4.  ECF No. 40.

---

[1] Several months prior, on April 17, 2023, the Individual Defendants filed a motion to dismiss under Fed. R. Civ. P. 12(b)(5) due to insufficient service of process.  ECF No. 21.  During a telephone conference with the Court, the Individual Defendants withdrew their Rule 12(b)(5) motion to dismiss.  ECF No. 24.

On October 12, 2023, Plaintiff moved for a default judgment as to Q4. ECF No. 47. Plaintiff's motion must be denied because she did not obtain a certificate of default with respect to the Amended Complaint.

When Plaintiff served the Amended Complaint, the Amended Complaint became the operative complaint in this action. *Brito v. ATA Freight Line, Ltd.*, No. 20 Civ. 3132 (EK), 2021 WL 7830146, at *2 (E.D.N.Y. Aug. 24, 2021) (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 669 (2d Cir. 1977)). The default request submitted to the Clerk of this Court was only in regard to the original Complaint, *see* ECF Nos. 28, 30-31, not the Amended Complaint, and Plaintiff has not shown that Q4 has failed to plead or defend as to the operative Amended Complaint, as required, *see* Fed. R. Civ. P. 55(a). Consequently, in her motion for default judgment, Plaintiff has erroneously relied upon the original Complaint, which has "no legal effect" in the present action and does not require a response by Q4. *Brito*, 2021 WL 7830146, at *2 (quoting *Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998)). "[O]nce the amended complaint becomes the operative complaint, a motion for default judgment made on a prior pleading should be denied," and, generally, "once the original complaint is superseded, a clerk's entry of default on that pleading is mooted." *Allstate Ins. Co. v. Yadgarov*, 11 Civ. 6187 (PKC), 2014 WL 860019, at *8 (E.D.N.Y. Mar. 5, 2014). Under these circumstances, entry of a default judgment would be improper.

Based on the foregoing, Plaintiff's motion for default judgment is DENIED and the Clerk's entry of default is vacated as MOOT. Plaintiff may renew her motion for a default judgment as to Q4 after obtaining an entry of default against Q4 as to the Amended Complaint and after the resolution of the claims against the Individual Defendants.

The Clerk of Court is directed to terminate ECF No. 47, and to vacate the certificate of default entered at ECF No. 31. The Clerk of Court is further directed to mail a copy of this Order to *pro se* Defendants Melanie Burgos and Jahee Bridgewater.

SO ORDERED.

Dated:   October 23, 2023
         New York, New York

                                                          _____
                                                          JENNIFER H. REARDEN
                                                          United States District Judge