UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICIA BLOISE,<br><br>                           Plaintiff,<br><br>               -v.-<br><br>Q4 GENERATIONAL WEALTH, INC. et al.,<br><br>                           Defendants. | 22 Civ. 10488 (JHR) (SDA)<br><br>ORDER ADOPTING REPORT<br>AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

      Plaintiff Alicia Boise brings this action under 42 U.S.C. § 1981, the New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law ("NYCHRL") against Q4 Generational Wealth, Inc. (the "Corporate Defendant"), as well as Melanie Burgos ("Burgos") and Jahee Bridgewater ("Bridgewater") (the "Individual Defendants"). *See* ECF No. 1 (Compl.). Before the Court is the November 22, 2023 Report and Recommendation (the "Report") of Magistrate Judge Stewart D. Aaron, *see* ECF No. 51, recommending that the Individual Defendants' motion to dismiss be granted in part and denied in part. The Court has examined the Report and notes that no objections have been filed. For the reasons set forth below, the Court finds no clear error in the Report and adopts it in its entirety.

## BACKGROUND

      On December 12, 2022, Plaintiff commenced this action against the Corporate Defendant and the Individual Defendants. *See* Compl. On April 24, 2023, following reassignment to this Court,[1] the Court referred the case to Magistrate Judge Stewart D. Aaron for general pretrial purposes and for dispositive motions requiring a report and recommendation. *See* ECF No. 22. On June 13, 2023, the Individual Defendants moved to dismiss the Complaint "on the grounds

---

[1] This case was initially assigned to the Honorable Loretta A. Preska.

that [ ] Plaintiff failed to properly serve" the Individual Defendants and that "the pleadings do not state a claim upon which relief can be granted."  *See* ECF No. 25 at 2.  On July 25, 2023, Judge Aaron issued a Report and Recommendation recommending that "the Individual Defendants' motion to dismiss for insufficient service of process be denied," and that the Court "*sua sponte* dismiss[] [the Complaint] for failure to comply with Rule 8 of the Federal Rules of Civil Procedure" and grant Plaintiff "leave to file an amended complaint that conforms to the requirements of Rule 8."  ECF No. 34 at 1.

On July 31, 2023, Plaintiff filed an Amended Complaint.  ECF No. 38.  On September 27, 2023, the Individual Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  ECF No. 43.  On November 22, 2023, Judge Aaron issued the Report recommending that the Individual Defendants' motion be granted in part and denied in part.  ECF No. 51.  Specifically, Judge Aaron recommended granting the motion as to "all claims against Defendant Bridgewater" and, with respect to the claims against Defendant Burgos, denying the motion as to "the Fifth Cause of Action under Section 1981 (based upon hostile work environment only), Eighth Cause of Action under NYSHRL; and Eleventh and Twelfth Causes of Action under NYCHRL."  *Id.* at 22 n.12.  Judge Aaron further recommended that Plaintiff be granted leave to amend.  *Id.* at 22.

The Report notified the parties that they had "fourteen (14) days . . . from service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure."  *Id.* at 23.  The Report also cautioned that "FAILURE TO OBJECT [to the Report] WITHIN FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL PRECLUDE APPELLATE REVIEW."  *Id.*

Objections to the Report were due on December 6, 2023. No objections were filed. On May 14, 2024, Defendant Burgos filed a letter "inquir[ing] about the disposition of this case. . . . [and] request[ing] that this case be dismissed." ECF No. 52.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). "To accept those portions of the report to which no timely objection has been made, a district court need only satisfy itself that there is no clear error on the face of the record." *Ruiz v. Citibank, NA.*, No. 10 Civ. 5950 (KPF), 2014 WL 4635575, at *2 (S.D.N.Y. Aug. 19, 2014) (quoting *King v. Greiner*, No. 02 Civ. 5810 (DLC), 2009 WL 2001439, at *4 (S.D.N.Y. July 8, 2009)); *see also, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003).

The Court does not consider Defendant Burgos's May 14, 2024 letter, which simply "inquire[s] about the disposition of this case. . . . [and] request[s] that this case be dismissed," ECF No. 52, "to be an objection to the [Report], and certainly not one that triggers *de novo* review." *Binn ex rel Xpresspa Grp., Inc. v. Bernstein*, No. 19 Civ. 6122 (GHW), 2020 U.S. Dist. LEXIS 144223, at *3 (S.D.N.Y. Aug. 6, 2020). The "request did not purport to be an objection," and "it was filed [160] day[s] after the deadline for submission of objections." *Id.* (reviewing request filed one day "after the deadline for submission of objections" and adopting report and recommendation in full under clear error standard). "[E]ven if [the request] were an objection, it was not specific or substantive enough to trigger *de novo* review." *Id.* ("When an objecting party

3

'makes only conclusory or general arguments, or simply reiterates the original arguments, the Court will review the Report strictly for clear error.'" (quoting *IndyMac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008))).

As no party has submitted objections to the Report, review for clear error is appropriate. *See Ruiz*, 2014 WL 4635575, at *2. The Court has carefully reviewed the Report and finds no clear error. The Report is therefore adopted in its entirety.

"Because the Report explicitly states that the parties 'shall have fourteen (14) days (including weekends and holidays) from service of this Report to file written objections,' and that the failure to file timely objections 'will result in a waiver of objections,' the parties' failure to object operates as a waiver of appellate review." *Shankar v. Accenture LLP*, No. 21 Civ. 3045 (PAE), 2023 WL 2557315, at *2 (S.D.N.Y. Mar. 17, 2023); *see also Stevens v. Duquette*, No. 22-1571, 2024 WL 705954, at *1 (2d Cir. Feb. 21, 2024) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point." (quoting *Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003))).

## CONCLUSION

Accordingly, the Report is ADOPTED in full. The Individual Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. The Court dismisses Plaintiff's "Section 1981 claim against Defendant Bridgewater based upon a hostile work environment;" "Section 1981 claim against both [Individual] Defendants based upon termination and retaliation;" "NYSHRL and NYCHRL claims against Defendant Bridgewater;" and "NYCHRL claim against [Defendant] Burgos based upon retaliation." ECF No. 51 at 22. "For clarity, all claims against Defendant Bridgewater [ ] [are] dismissed, and only the following claims against Defendant Burgos [ ] remain: Fifth Cause of Action under Section 1981 (based upon hostile

work environment only), Eighth Cause of Action under NYSHRL; and Eleventh and Twelfth Causes of Action under NYCHRL." *Id.* at 22 n.1.  The Court grants Plaintiff leave to amend.

This action remains referred to Judge Aaron for general pretrial purposes and dispositive motions requiring a report and recommendation.

The Clerk of Court is directed to terminate ECF No. 43.

SO ORDERED.

Dated: May 31, 2024
New York, New York

                                                            JENNIFER H. REARDEN
                                                          United States District Judge