UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ALICIA BLOISE,<br><br>　　　　　　　　　Plaintiff,<br><br>-v.-<br><br>Q4 GENERATIONAL WEALTH, INC. d/b/a CALIENTES RESTAURANT & BAR, MELANIE BURGOS, et al.<br><br>　　　　　　　　　Defendants. | 22 Civ. 10488 (JHR) (SDA)<br><br>ORDER ADOPTING REPORT AND RECOMMENDATION |

JENNIFER H. REARDEN, District Judge:

On December 12, 2022, Plaintiff brought this action against Defendant Q4 Generational Wealth, Inc. d/b/a Calientes Restaurant & Bar ("Q4"), as well as Defendants Melanie Burgos and Jahee Bridgewater (collectively, the "Individual Defendants") for violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq*. ("Title VII"); the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12101, *et seq*. ("ADA"); 42 U.S.C. §1981, and related state laws. Before the Court are two Reports and Recommendations of Magistrate Judge Stewart D. Aaron, recommending that (1) Plaintiff's motion to dismiss Defendant Burgos without prejudice be granted, ECF No. 82 (Dismissal R&R), and (2) Plaintiff's motion for a default judgment against Defendant Q4 be granted in part and denied in part, ECF No. 95 (Default Judgment R&R). The Court has examined the Reports and Recommendations and notes that no objections have been filed as to either. For the reasons set forth below, the Court finds no clear error in either Report and Recommendation and adopts Judge Aaron's recommendations.

**BACKGROUND**[1]

Plaintiff filed her Complaint on December 12, 2022. ECF No. 1. The case was originally assigned to the Honorable Loretta A. Preska. Defendant Q4 was served with process on December 27, 2022, and Defendants Burgos and Bridgewater were served with process on January 4, 2023. ECF Nos. 10-12. Their answers were therefore due on January 17, 2023 and January 25, 2023, respectively. Fed. R. Civ. P. 12(a)(1)(A)(i) ("A defendant must serve an answer . . . within 21 days after being served with the summons and complaint.").

On January 19, 2023, Defendant Burgos filed a letter explaining that Defendants were "unable to afford an attorney and ha[d] been advised to [proceed] Pro-se [*sic*]." ECF No. 13. Defendant Burgos requested permission to represent herself and Defendant Q4. *Id.* On January 31, 2023, Judge Preska granted Defendant Burgos's request to represent herself individually but denied her request to represent Defendant Q4, as a "corporate entity may not proceed *pro se*." ECF No. 15. Upon Defendant Burgos's application, ECF No. 19, Judge Preska extended her deadline to respond to the Complaint to March 17, 2023, ECF No. 20. The case was reassigned to this Court that month.

On April 17, 2023, the Individual Defendants, proceeding *pro se*, filed a notice of motion to dismiss the Complaint for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 21. The notice did not include any argument, nor was a memorandum of law filed in support. On April 24, 2023, the case was referred to Judge Aaron for general pretrial management and for reports and recommendations on dispositive motions. ECF No. 22.

---

[1] Familiarity with the facts, which are set forth in detail in the Default Judgment R&R, is assumed. *See* ECF No. 95.

On May 22, 2023, Judge Aaron held a telephone conference in which the Individual Defendants agreed to withdraw their notice of motion to dismiss. ECF No. 24. The Individual Defendants were directed to respond to the Complaint by June 13, 2023, and Defendant Q4 was directed to "appear by counsel" by June 21, 2023. *Id*. Judge Aaron further stated that "[i]f Defendant Q4 Generational Wealth, Inc. [] failed to appear by counsel, Plaintiff sh[ould] seek a certificate of default no later than Wednesday, June 28, 2023." *Id.*

On June 13, 2023, the Individual Defendants moved to dismiss. ECF No. 25. On June 29, 2023, upon Plaintiff's application, ECF No. 28, the Clerk of Court issued a certificate of default as to Defendant Q4. ECF No. 31. Plaintiff filed her opposition to the motion to dismiss on July 5, 2023, ECF No. 32, and the Individual Defendants filed a reply in further support of their motion on July 19, 2023, ECF No. 33. On July 25, 2023, Judge Aaron issued a nine-page Report and Recommendation recommending that the Court deny the Individual Defendants' motion to dismiss but "*sua sponte* dismiss[] [the Complaint] for failure to comply with Rule 8 of the Federal Rules of Civil Procedure." ECF No. 34. On July 31, 2023, Plaintiff filed an amended Complaint, mooting the motion to dismiss. ECF No. 38.

On August 14, 2023, Judge Aaron held a telephone conference and ordered the Individual Defendants to respond to the Amended Complaint by September 13, 2023. ECF No. 39. Judge Aaron granted the Individual Defendants' request for more time, ECF No. 41, extending their time to respond to the Amended Complaint to September 27, 2023. ECF No. 42.

On September 27, 2023, the Individual Defendants moved to dismiss the Amended Complaint pursuant to Rule 12(b)(6). ECF No. 43. Plaintiff filed her opposition on October 3, 2023, ECF No. 45, and the Individual Defendants filed a letter in further support of their motion on October 7, 2023, ECF No. 46. On October 12, 2023, Plaintiff also moved for a default judgment against Defendant Q4. ECF No. 47. On October 23, 2023, the Court denied Plaintiff's motion for

3

a default judgment as to Defendant Q4 because Plaintiff "did not obtain a certificate of default with respect to the Amended Complaint." ECF No. 50. The Court permitted Plaintiff to renew her motion "after obtaining an entry of default against Q4 as to the Amended Complaint and after [ ] resolution of the claims against the Individual Defendants," and also vacated the certificate of default issued with respect to the initial Complaint at ECF No. 31. *Id.* at 3.

On November 22, 2023, Judge Aaron issued a Report and Recommendation recommending that the motion to dismiss be granted in part and denied in part. ECF No. 51. No objections were filed. The Court adopted Judge Aaron's report and recommendation to dismiss "all claims against Defendant Bridgewater" and grant leave to amend on May 31, 2024. ECF No. 53. The same day, Judge Aaron directed Plaintiff to file an amended pleading by June 14, 2024. ECF No. 54.

As Plaintiff did not file an amended pleading by June 14, 2024, Judge Aaron clarified that the case would continue against *pro se* Defendant Burgos "as to Plaintiff's following claims: Fifth Cause of Action under Section 1981 (based upon hostile work environment only); Eighth Cause of Action under NYSHRL; and Eleventh and Twelfth Causes of Action under NYCHRL." ECF No. 55. Judge Aaron set an initial pretrial conference for July 30, 2024 requiring the parties to file a proposed Case Management Plan. *Id.* Although the parties did not do so, Judge Aaron proceeded with the initial case management conference and set a discovery schedule. ECF No. 57. The parties engaged in discovery from July 2024 to March 2025.

At a conference on March 7, 2025, "Plaintiff's Counsel stated his intention to file a motion to voluntarily dismiss the pending claims against Defendant Burgos because she decline[d] to stipulate to dismissal of the claims against her." ECF No. 78. Judge Aaron directed Plaintiff to file the "motion to voluntarily dismiss the claims against Defendant Burgos, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure," by March 28, 2025. *Id.* Plaintiff moved to dismiss the claims "without prejudice" on March 28, 2025. ECF No. 79. Defendant Burgos filed

her opposition on April 15, 2025, arguing that the action should be dismissed "with prejudice." ECF No. 81.

On May 5, 2025, Judge Aaron issued a Report and Recommendation recommending that Plaintiff's motion be granted and that the action "be dismissed against [Defendant] Burgos without prejudice." Dismissal R&R. The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections." *Id*. at 5. The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW.**" *Id*. No objections were filed, and no extension of time was requested.

On May 9, 2025, upon Plaintiff's application, ECF No. 85, the Clerk of Court issued a certificate of default against Defendant Q4, ECF No. 87. On September 3, 2025, Plaintiff moved for a default judgment against Defendant Q4 and filed an affirmation and exhibits in support, ECF No. 90. On September 4, 2025, Judge Aaron ordered Plaintiff to "serve the Default Judgment Papers upon [D]efendant Q4" and "file proof of service to the ECF docket no later than September 8, 2025." ECF No. 91. Judge Aaron also directed Defendant Q4 to respond to the motion for a default judgment by October 23, 2025. *Id.* Defendant Q4 was served with the default judgment papers on September 5, 2025. ECF No. 92. On December 2, 2025, Judge Aaron issued an order noting that "Plaintiff ma[de] reference to a diagnosis by her doctor of 'severe anxiety and depression,' as well as treatment by a social worker and/or therapist," but that "Plaintiff ha[d] failed to submit [any records] in support of her motion." ECF No. 94. Judge Aaron directed Plaintiff to file "records from Plaintiff's doctor, social worker and therapist pertaining to her mental health" by December 18, 2025 if she wished to recover more than "garden variety" emotional distress damages. *Id.* at 2. Plaintiff did not file any additional records.

On December 30, 2025, Judge Aaron issued a 25-page Report and Recommendation recommending that Plaintiff's motion for a default judgment be granted in part and denied in part and that Plaintiff be awarded "$30,000.00 in emotional distress damages, $30,000.00 in punitive damages, $5,000.00 under the NYLL and $28,925.71 in attorneys' fees and costs, for a total of $93,925.71." Default Judgment R&R. The Report and Recommendation notified the parties that they had "fourteen (14) days . . . to file written objections." *Id*. at 25. The Report and Recommendation also cautioned that "**FAILURE TO OBJECT WITHIN FOURTEEN (14) DAYS W[OULD] RESULT IN A WAIVER OF OBJECTIONS AND W[OULD] PRECLUDE APPELLATE REVIEW.**" *Id*. No objections have been filed, nor has any extension of time to file objections been requested.

## DISCUSSION

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also Oparaji v. Home Retention Corp*., No. 24-1444, 2025 WL 1901297, at *2 (2d Cir. July 10, 2025) (summary order). With respect to those portions of the report as to which no timely objection has been made, however, a district court need only satisfy itself that no clear error on the face of the record exists. *See, e.g.*, *Marky's Martial Arts, Inc. v. FC Online Marketing, Inc*., No. 19 Civ. 03363 (ALC) (VF), 2023 WL 171401, at *1 (S.D.N.Y. Jan. 12, 2023). A report and recommendation "is clearly erroneous if the reviewing court is 'left with the definite and firm conviction that a mistake has been committed.'" *Nazon v. Time Equities, Inc*., No. 21 Civ. 8680 (AT) (SLC), 2023 WL 1516905, at *1 (S.D.N.Y. Feb. 3, 2023) (quoting *Easley v. Cromartie*, 532 U.S. 234, 242 (2001)), *appeal withdrawn*, No. 23-259, 2023 WL 5570818 (2d Cir. July 12, 2023).

Notwithstanding direct warnings that a failure to file objections would "result in a waiver of those objections for purposes of appeal," Dismissal R&R at 5; Default Judgement R&R at 25, the parties did not file any objections to either Report and Recommendation.  Thus, the parties waived the right to judicial review of both.  *See Fredricks v. Desrochas*, No. 21 Civ. 8389 (JGLC) (SLC), 2025 WL 1018870, at *1 (S.D.N.Y. Apr. 4, 2025) (*citing Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992)); *see also Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision." (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (per curiam))).  The Court has carefully reviewed both Reports and Recommendations in any event and, unguided by objections, finds no clear error.  The Reports and Recommendations are "well-reasoned and grounded in fact and law."  *See, e.g.*, *Fredricks*, 2025 WL 1018870, at *1. Accordingly, the Reports and Recommendations are adopted in their entirety.

The Clerk of Court is directed to terminate ECF Nos. 79 and 89.  Upon the entry of judgment, the Clerk of Court is directed to terminate all pending motions and close the case.

SO ORDERED.

Dated: March 31, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge

7